**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

BENNIE OVERTON,

Petitioner, : Case No. 1:26-cv-00671

- vs - District Judge Matthew W. McFarland
Magistrate Judge Michael R. Merz

FEDERAL BUREAU OF PRISONS,

:

Respondent.

## SUBSTITUTED REPORT AND RECOMMENDATIONS

This habeas corpus action under 28 U.S.C. § 2254 is before the Court for decision on the merits on the Petition (ECF No. 1), Respondent's Answer (ECF No. 5), Petitioner's Reply (ECF No. 10), and Respondent's Surreply (ECF No. 16).

In the original Report, now withdrawn, the undersigned recommended dismissal of the Petition as moot because Petitioner had received the relief he requested (ECF No. 6). Petitioner argues this case is not moot because Respondent's mootness theory depends on an unduly narrow description of the Petition.

> The action did not challenge location alone. It challenged the legality of Petitioner's removal from community placement and the procedures associated with disciplinary matters that produced more restrictive confinement. Return to Talbert House did not itself invalidate any disciplinary determination, restore forfeited good-conduct time, correct Petitioner's sentence computation, or resolve the due-process challenge.

Reply, ECF No. 10, PageID 29.

As Respondent's Surreply points out, the relief Petitioner now seeks as summarized above was not sought in the Petition. There Petitioner challenges only his removal from Talbert House to the Butler County Jail and the relief he sought – return to Talbert House – has been accomplished. The additional relief now sought – essentially clearing of the disciplinary record – was not pleaded in the Petition and Overton has never sought to amend the Petition. A district court may decline to review a claim a petitioner raises for the first time in his traverse or reply. *Jalowiec v. Bradshaw*, 657 F.3d 293 (6th Cir. 2011), *citing Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005). The claims made in the Petition are moot and the Petition should be dismissed on that basis.

Should Petitioner wish to amend the Petition to add the claims made in his Reply, he should in any motion seeking that relief respond to Respondent's argument that he has not exhausted his administrative remedies. The Surreply outlines a process for exhaustion which is very parallel to that required of Petitioners under 28 U.S.C. § 2254; consulting that parallel case law may be of assistance to Petitioner.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

September 10, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #