**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

BENNIE OVERTON,

Petitioner, : Case No. 1:26-cv-00671

- vs - District Judge Matthew W. McFarland
Magistrate Judge Michael R. Merz

FEDERAL BUREAU OF PRISONS,

:

Respondent.

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus action under 28 U.S.C. § 2241[1] is before the undersigned on recommittal from Judge McFarland (ECF No. 32), directing reconsideration of the Substituted Report and Recommendations (ECF No. 21) in light of Petitioner's Objections (labeled "Response")(ECF No. 28).

Petitioner was convicted of armed carjacking before Judge Michael Barrett of this Court and sentenced to sentenced to 115 months on the carjacking count and a consecutive 84 months on the firearms charge (*United States v. Overton*, Case No. 1:12-cr-060, ECF No. 68). The conviction was affirmed on appeal. *United States v. Overton*, 600 Fed.Appx. 303 (6th Cir. Apr. 15, 2014). Overton's Motion to Vacate under 28 U.S.C. § 2255 was denied. *Id.* at ECF No. 129.

Petitioner brought this action under 28 U.S.C. § 2241, alleging that he had been placed at a

[1] The Substituted Report and Recommendations states the case was brought under 28 U.S.C. § 2254 (ECF No. 21, PageID 109). This was in error; the case was brought under 28 U.S.C. § 2241 (See Petition, ECF No. 1, PageID 1).

halfway house (Talbert House) in Cincinnati to complete his sentence (Petition, ECF No. 1, PageID 5). Having been at Talbert House since January, 2026, he alleges "On May 19, 2026, Talbert House placed him in jail with no warning and no due process." *Id.* In his request for relief, he asked the Court to order Talbert House to take him back or the Bureau of Prisons to place him in another halfway house but in any event release him from the Butler County Jail. *Id.* at PageID 6.

Four days after the Petition was filed, the undersigned ordered the Respondent to answer within fourteen days. (Order, ECF No. 4). The United States Attorney answered on behalf of Respondent and without seeking an extension (ECF No. 5). He asserted Petitioner had been placed at the Butler County Jail for two alleged disciplinary violations at Talbert House, but had been transferred back to Talbert House by the time of the Answer, July 30, 2026. *Id.* Based on that report, the undersigned recommended the Petition be dismissed as moot (Report, ECF No. 6). In response, Overton did not deny that he had received what he had requested the Court order, but claimed the case was not moot because "That transfer supplied part of the requested relief, but it did not eliminate the live challenge to the disciplinary actions, the resulting custody consequences, or the Court's ability to grant effectual habeas relief." (Reply, ECF No. 10, PageID 28).

Prior to filing a Substituted Report, the undersigned requested a surreply from the United States which was filed September 1, 2026 (ECF No. 16). That pleading objects to considering Petitioner's request for additional relief which was never pleaded. In addition, the United States notes the reasons for Overton's transfer to the Butler County Jail: (1) overstaying a day pass by more than seven hours and (2) alcohol abuse resulting in breathalyzer tests of .60 and .54.[2] (Surreply, ECF No. 16, PageID 43).

[2] These tests were administered after Overton returned from work. If he drove himself to Talbert House with that amount of alcohol in his breath, he plainly was driving under the influence.

Two days later Overton filed a Motion for Preliminary Injunction (ECF No. 17) claiming he had become sick, gone to the hospital, been discharged with two prescriptions, and the Talbert House staff would not allow him to pursue treatment. On September 14, 2026, Overton filed a Notice that he had been sexually assaulted (ECF No. 22); four days later he asked the Court order a medical examination (ECF No. 25). On September 22, 2026, he filed a Notice of Duress, saying two detectives had assaulted him at the Butler County Jail (ECF No. 27). On September 23, 2026, he filed a seven-page letter from his mother to the Bureau of Prisons complaining again about Talbert House (ECF No. 29). On September 25, 2026, as part of a Notice of Address Change he complained again that he had not been given an opportunity to seek administrative review of the disciplinary charges against him (ECF No. 31).

## Analysis

The Supreme Court has directed that habeas corpus relief and court management of conditions of confinement be separated. *Preiser v. Rodriquez*, 411 U.S. 475 (1973). When a complaint purports to be under 42 U.S.C. § 1983 but seeks release or even if findings of illegal conviction would be a necessary predicate to granting requested money damages, a federal court must await exhaustion before proceeding either in habeas or 1983. *Hadley v. Werner*, 753 F.2d 514 (6th Cir. 1985). The obverse is true: habeas corpus cannot be used to obtain court intervention to supervise conditions of confinement, in this case sought not for one but for three separate places of confinement: Talbert House and the Butler and Franklin County jails.

If Petitioner has been assaulted either sexually or physically by state actors, those actions

violated his constitutional rights and are actionable under 42 U.S.C. § 1983 in a complaint filed in this Court or in the appropriate Ohio Common Pleas Court, but not in a habeas corpus action.

By statute this Court is not authorized to interfere with Overton's placement by the Bureau of Prisons. 18 U.S.C. § 3621(b); 18 U.S.C. § 3624(c)(4).

With respect to any habeas corpus relief, precedent makes clear that a petitioner must exhaust administrative remedies. *Fazzini v. Northeast Ohio Correctional Center,* 473 F.3d 229 (6th Cir. 2006), citing *Urbina v. Thoms,* 270 F.3d 292 (6th Cir. 2001), and *Little v. Hopkins,* 638 F.2d 953, 953–54 (6th Cir.1981). Overton has presented no evidence of exhaustion and Respondent reports it has no evidence that he has ever applied for administrative review.

**Conclusion**

The Magistrate Judge respectfully adheres to his prior recommendation that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

September 28, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such

objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #