**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION - CINCINNATI**

| | | |
|---|---|---|
| BENNIE OVERTON, | : | Case No. 1:26-cv-671 |
| | : | |
| Petitioner, | : | Judge Matthew W. McFarland |
| | : | |
| vs. | : | |
| | : | |
| FEDERAL BUREAU OF PRISONS, et al., | : | |
| | : | |
| Respondents. | : | |

**ORDER ADOPTING REPORTS AND RECOMMENDATIONS (Docs. 21, 33)**

This action is before the Court upon the Substituted Report and Recommendations (Doc. 21) and Supplemental Report and Recommendations (Doc. 33) (collectively, the "Reports") of United States Magistrate Judge Michael R. Merz, to whom this case is referred pursuant to 28 U.S.C. § 636(b). The Reports recommend that Petitioner's Petition (Doc. 1) be dismissed with prejudice. (*See* Reports, Docs. 21, 33.) Petitioner filed Objections (Docs. 28, 34) to both Reports. Thus, this matter is ripe for the Court's review.

As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has completed a de novo review of the record in this case. Upon review, the Court agrees with the thorough analysis contained in the Reports.

Petitioner filed this habeas action seeking release from the Butler County Jail following disciplinary violations at a halfway house. (*See* Petition, Doc. 1.) Petitioner was released from custody regarding those specific violations in July 2026, (*see* Inmate Location History, Doc. 5-1), though he has since been re-detained for separate

disciplinary violations. (*See* Change of Address, Doc. 31.) Petitioner has not sought to amend his Petition to encompass this subsequent detention. So, as the Magistrate Judge found, because the Petition challenges only his initial detention, his interim release rendered those claims moot. (*See* Reports, Docs. 21, 33); *see also Spencer v. Kemna*, 523 U.S. 1, 14-18 (1998).

Petitioner must therefore demonstrate a collateral consequence to defeat mootness in this instance. *Witzke v. Brewer*, 849 F.3d 338, 340-41 (6th Cir. 2017). He has failed to do so. In his objections, Petitioner argues that his due process rights were violated in connection with his initial detention. (Supplemental Objections, Doc. 34, Pg. ID 160.) But, Petitioner has "already served the period of reincarceration imposed upon" him related to the initial disciplinary violations, so "[t]his reincarceration 'cannot be undone.'" *Witzke*, 849 F.3d at 340-41 (citing *Spencer*, 523 U.S. at 8). "In light of these facts, it appears that no continuing injury remains for this court to redress." *Id.* Furthermore, as the Magistrate Judge found, "habeas corpus cannot be used to obtain court intervention to supervise conditions of confinement." (Supplemental Report, Doc. 33, Pg. ID 155); *see also Velasco v. Lamanna*, 16 F. App'x 311, 314 (6th Cir. 2001) ("a § 2241 habeas petition is not the appropriate vehicle for challenging the conditions of . . . confinement."). The Petition must therefore be dismissed as moot.

As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has made a de novo review of the record in this case. Upon said review, the Court finds that Petitioner's objections are not well-taken and are accordingly **OVERRULED**. Thus, the Court **ADOPTS** the Reports (Docs. 21, 33) in their entirety.

The Court **ORDERS** the following:

(1) The Petition (Doc. 1) is **DISMISSED WITH PREJUDICE**;

(2) The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a), that any appeal of this Order would not be taken in good faith and that Petitioner is denied leave to appeal *in forma pauperis*; and

(3) This matter is hereby **TERMINATED** from the Court's docket.

**IT IS SO ORDERED**.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: Matthew W. McFarland
MATTHEW W. McFARLAND
UNITED STATES DISTRICT JUDGE